IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | * |
| | *   **CRIM. NO. SAG-25-028** |
| **MANUEL ERAZO ALVARADO, et al.,** | * |
| | * |
| **Defendants.** | * |

...oOo...

**CONSENT MOTION TO EXCLUDE TIME
PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America, by and through its attorneys, Kelly O. Hayes, United States Attorney for the District of Maryland, Kenneth S. Clark, and James I. Hammond, Assistant United States Attorneys for said District, jointly with counsel for defendants Manuel Erazo Alvarado, Erick Guillen Pleitez, and Herman Alberto Hildalgo Cruz, submits this Consent Motion to Exclude Time Pursuant to the Speedy Trial Act. Counsel for Mr. Erazo Alvarado, Mr. Guillen Pleitez, and Mr. Hildalgo Cruz join this motion.

1. The defendants were charged in an indictment returned by the Grand Jury on February 25, 2025, with murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1). ECF No. 14.

2. Initial appearances for Mr. Guillen Pleitez and Mr. Erazo Alvarado were held on March 6 and March 19, 2025, respectively. ECF Nos. 15, 23. At those initial appearances, the parties relayed to the Court their intent to ask the Court for leave to file a status in sixty days and to toll speedy trial time until that point. A separate status report has been filed in this case. ECF No. 34. There are still charged defendants in this case that are not yet in custody. However, since the last two initial appearances, Mr. Hildalgo Cruz was arrested and had his initial appearance on April 4, 2025.

1

3. The Government disclosed its first production of discovery on May 23, 2025, which included over 24,000 pages of documents, phone records, email records, and location data.

4. The Government is still in the process of organizing discovery to produce to the active defendants and that will continue on a rolling basis. That discovery is voluminous, and the defendants will require significant time to review with counsel. Once they have had an opportunity to complete a review of the discovery, the parties will discuss the possibility of a plea resolution and will notify the Court of any updates on those discussions and the need to schedule pretrial motions and/or a trial. The Government anticipates disclosing its next production August 1, 2025.

5. The Speedy Trial Act requires that the defendants be brought to trial within seventy days of the later of either the filing of an indictment or the first appearance before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act allows for exclusions of time from the calculation of time within which the trial must commence. 18 U.S.C. § 3161(h). Specifically, time is excluded when, "the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." *Id.* 3161(h)(6). In addition, "[a]ny period of delay resulting from a continuance […] at the request of the attorney for the Government, if the judge granted such continuance on the basis of a finding that the ends of justice served by taking such action outweigh the best interest of the public and defendant in having a speedy trial" shall be excluded from computing the time within which the trial of any such offense must commence. § 3161(h)(7)(A). In making such a finding, the court shall consider "whether the failure to grant such a continuance would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(b)(iv).

6. In this matter, there are still co-defendants who are not yet in custody, so time is

excluded under 18 U.S.C. § (h)(6).  The parties request that an exclusion of time be granted for July 20, 2025, through September 19, 2025, to allow time for, the continued production of discovery, the review of discovery materials, plea discussions, and preparations for motions and/or trial if necessary. In light of these circumstances, the parties join in this exclusion of time.

7. The exclusion of time grants the parties reasonable time for effective review of discovery, preparation, and for discussion of possible resolution of this matter.  Therefore, the ends of justice served by the exclusion of time outweigh the best interests of the defendant or the public in having a speedy trial, especially in light of the defendants' consent to this motion.

**WHEREFORE**, the United States requests that the Court issue an order excluding time from July 20, 2025, through September 19, 2025, from the time-period within which trial must commence for the defendants.

A proposed Order is attached for the Court's consideration.

                                          Respectfully Submitted,

                                          Kelly O. Hayes
                                          United States Attorney

                                      By:_____/s/_____
                                          James I. Hammond
                                          Kenneth S. Clark
                                          Assistant United States Attorneys
                                          United States Attorney's Office
                                          36th South Charles Street, 4th Floor
                                          Baltimore, Maryland 21202
                                          (410) 209-4800